UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARC GRANT, by his next friend,
JEANNINE GRANT; CJT, by his next
friend, CT; RAFAELA GONZALEZ,
by her next friend, LOURDES GONZALEZ;
BRANDEN PETRO, by his next friend,
RENEE HANANIA; and DANIEL GRAY

      Plaintiffs,

v.                                                              Case No.: 4:24-cv-384-RH-MAF

JASON WEIDA, in his official
capacity as Secretary, Florida Agency
for Health Care Administration,

      Defendant.
_____/

**JOINT CASE MANAGEMENT REPORT**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's local rules, counsel for Plaintiffs and Defendant submit this Joint Case Management Report for the Court's consideration:

**I.**  **INITIAL DISCLOSURES:** The parties agree to exchange the initial disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than **December 4, 2024**.

## II. NATURE AND BASIS OF CLAIMS AND DEFENSES:

A. *Plaintiffs*: Defendant has violated Plaintiffs' due process rights under the U.S. Constitution by failing to give Plaintiffs the opportunity to be heard in a meaningful and timely manner on decisions to deny, reduce or terminate Long-term Care (LTC) Medicaid Waiver benefits. These failures include not ensuring that Plaintiffs receive timely and adequate notice of decisions. In addition, Defendant allows or condones the lack of information or misinformation on the criteria and rationale for decisions. For the same reasons, Defendant also violates the Medicaid Act's requirement that state programs provide an opportunity for a fair hearing. Defendant has also violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. As the agency responsible for implementation and oversight of the LTC Waiver, Defendant has failed to require that managed care organizations assess for and provide an array of services and supports needed to prevent or delay institutionalization. As a result, Plaintiffs have been and continue to be placed at risk of institutionalization in violation of the "integration mandate," validated by the Supreme Court in *Olmstead v. L.C.*, 527 U.S. 581 (1999). Defendant's methods of administration of the LTC Waiver discriminate against Plaintiffs on the basis of disability by impairing the very purpose of the program to enable its enrollees to live in the community and avoid institutionalization.

B. *Defendant*: The State's administration of its long-term care managed care program is fully compliant with the Due Process Clause, the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs do not suffer an actual or imminent injury that is concrete and cognizable and therefore have no standing. Plaintiffs, moreover, have no standing to pursue relief for non-parties and therefore are not entitled to the systemwide injunction they seek. In addition, since Congress did not unambiguously confer a federal right in the Medicaid Act's fair-hearing provision, Plaintiffs cannot enforce the fair-hearing provision through section 1983. Secretary Weida reserves the right to assert additional defenses as this case develops.

III. **DISCOVERY SCOPE AND SUBJECT MATTERS:** At this time, the parties anticipate discovery on the following topics:

A. *Plaintiffs*: Plaintiffs plan to conduct discovery on communications and documents, both internally and externally, related to case files maintained for each plaintiff by AHCA or its agents, AHCA's policies and procedures regarding the LTC Waiver's service authorization process, protocols to ensure due process for LTC Waiver enrollees who seek or contest service authorizations, training, oversight, and decision-making processes within AHCA's Office of Fair Hearings, policies and procedures that guide the determination of appropriate services for LTC Waiver enrollees, and policies and procedures related to the training of AHCA and its agents

3

on the oversight of case managers and managed care plan staff involved in care planning, assessment, and service authorizations of LTC Waiver enrollees.

      B.    *Defendant*: Defendant plans to conduct discovery on Plaintiffs' standing, Plaintiffs' individual circumstances, the modifications that Plaintiffs seek to compel and the reasonableness or unreasonableness of those modifications, and any other item related to Plaintiffs' claims and the Secretary's defenses.

      **IV.**    **<u>DISCOVERY LIMITS:</u>** With the following exceptions, and unless altered by subsequent agreement of the parties or court order, the parties agree to the limitations on discovery set forth in the Federal Rules of Civil Procedure and the Court's local rules:

  A. **15** depositions (excluding expert witnesses) per side, with each deposition limited to no more than **7** hours.

  B. Due to inability to communicate, cognitive disability, or dementia, Plaintiffs Grant, CJT, Gonzalez, and Petro will not offer testimony in any form at any stage of this proceeding, otherwise than through their next friends. Defendant therefore will not depose Plaintiffs Grant, CJT, Gonzalez, and Petro, but may depose their next friends and others with knowledge of their circumstances. The parties agree that the deposition of Plaintiff Gray, who brought this action without a next friend, may be conducted over more than one day if necessary to accommodate frailty or condition.

## V.   DISCOVERY SCHEDULE:

A. The parties may begin to serve their interrogatories and requests for production immediately.

B. The parties agree that documents may be produced as they become available. Without waiving available objections, the parties agree to collect, review, and produce electronically stored information (ESI) and other documents without unnecessary delay and to make rolling productions as appropriate to facilitate discovery. Any production of documents made in response to a request for production must be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

C. To ensure that discovery is conducted promptly and efficiently and that unnecessary burdens are avoided, the parties agree to the procedures set forth in Local Rule 26.1(e)(2)(A)–(D), (e)(7), and (g)(2) of the United States District Court for the Southern District of Florida and to this Court's enforcement of the parties' stipulation to those procedures.

D. The parties agree to coordinate the scheduling of depositions at mutually convenient dates and times. The parties agree that depositions may be taken either in person or remotely by video connection, at the option of the party that notices the deposition, but that Plaintiff Gray's deposition, if taken in person, will be taken at or near his residence at any reasonable location acceptable to Plaintiff Gray.

E. The parties do not propose to modify the time set out in the Initial Scheduling Order for the completion of fact discovery. However, considering the number and complexity of the legal and factual issues raised in the complaint, the anticipated scope of discovery, the interest in completing fact discovery before expert disclosures are due, and the preparation and consideration of dispositive motions, the parties expect that this case will be ready for trial by December 2025 rather than the September date set out in the Order.

F. The chart below demonstrates the parties' proposed schedule:

| Event | Proposed Deadline |
| --- | --- |
| Initial disclosures | December 4, 2024 |
| Motions to join parties or amend the pleadings | January 31, 2025 |
| Completion of fact discovery, including fact depositions | May 14, 2025 |
| Expert reports under Fed. Rule Civ. P. 26(a)(2)(D)(i) | June 6, 2025 |
| Rebuttal expert reports under Fed. Rule Civ. P. 26(a)(2)(D)(ii) | July 21, 2025 |
| Completion of expert discovery, including expert depositions | August 11, 2025 |
| Dispositive motions and *Daubert* motions | August 29, 2025 |
| Rule 26(a)(3)(A) disclosures | October 6, 2025 |
| Rule 26(a)(3)(B) objections | October 27, 2025 |
| Non-dispositive motions, including motions in limine | October 27, 2025 |
| Pretrial Conference | November 22, 2025 |
| Trial (7 Days) | December 1, 2025 |

**VI.     TREATMENT     OF     ELECTRONICALLY     STORED INFORMATION:** The parties have discussed the existence of ESI in this matter and agree to preserve ESI as required by law. The parties agree to produce ESI in searchable, Bates-numbered, PDF format, except that documents that cannot be converted to PDF format without degradation in either appearance or functionality (such as large Excel spreadsheets) will be produced in native format. The parties will honor reasonable requests to produce or reproduce ESI in native format but have no obligation to produce ESI in multiple formats as a matter of course. A request for ESI in native format will be considered reasonable if there is metadata or data otherwise embedded in a file that is only available in its native format and the request for metadata or other embedded data is not otherwise objectionable (*e.g.*, on grounds of relevance or undue burden). The parties will confer if a document to be produced in native format requires redaction.

**VII. PRIVILEGE CLAIMS:** The parties recognize that they may inadvertently disclose privileged material in the course of litigation. To mitigate damage and protect against waiver, parties will follow the procedure described in Fed. R. Civ. P. 26(b)(5)(B) and submit to the Court a request for an order under Fed. R. Evid. 502(d).

**VIII. CONFIDENTIALITY:** The parties recognize that this litigation might require disclosure of confidential material in discovery. The parties agree to prepare

a joint protective order that will be submitted to the Court. The parties agree that information that is confidential under state or federal law, such as the Health Insurance Portability and Accountability Act of 1996, will not be disclosed before the Court enters a protective order that authorizes its disclosure and protects its confidentiality.

      **IX.** **SETTLEMENT:** The parties discussed the possibility of settlement and will continue to do so as this case proceeds. The prospects for settlement are currently unknown. The parties request the matter to be ordered to mediation after the conclusion of discovery if the matter is not resolved before that date.

      **X.** **MAGISTRATE JUDGE:** The parties have conferred on the subject of Magistrate Judge jurisdiction pursuant to Local Rule 73.1 and 28 U.S.C. § 636(c). Consistent with local practice, the parties do not disclose in this Joint Report their respective positions with respect to Magistrate Judge jurisdiction pursuant to Local Rule 73.1 and 28 U.S.C. § 636(c). The parties note, however, that they have no objection to referring discovery matters to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

none

Dated: December 2, 2024                                    Respectfully submitted,

/s/ *Andy Bardos*                                                 /s/ *Nancy Wright*
Andy Bardos (FBN 822671)                          Nancy E. Wright, Fla. Bar No. 309419
James Timothy Moore, Jr. (FBN 70023)     Trial Counsel for the Plaintiff
Ashley Hoffman Lukis (FBN 106391)         Law Office of Nancy E. Wright
GRAYROBINSON, P.A.                                    3231 NW 47th Place
301 South Bronough Street, Suite 600         Gainesville, FL 32605
Tallahassee, Florida 32301                             (352) 871-8255
Telephone: 850-577-9090                              newright.law@gmail.com
andy.bardos@gray-robinson.com
tim.moore@gray-robinson.com                 /s/ *Chelsea Dunn*
ashley.lukis@gray-robinson.com                Chelsea Dunn, Fla. Bar No. 1013541
                                                                         Chelsea.Dunn@southernlegal.org
**Attorneys for Secretary Weida**                 Jodi Siegel, Fla. Bar No. 511617
                                                                         Jodi.Siegel@southernlegal.org
                                                                         Southern Legal Counsel, Inc.
                                                                         1229 NW 12th Avenue
                                                                         Gainesville, FL 32601-4113
                                                                         (352) 271-8890

                                                                         Jocelyn J. Armand, Fla. Bar No. 0044264
                                                                         Jarmand@legalservicesmiami.org
                                                                         Jeffrey M. Hearne, Fla. Bar No.512060
                                                                         JHearne@legalservicesmiami.org
                                                                         Melissa Pender Fla. Bar No. 1036008
                                                                         MPender@legalservicesmiami.org
                                                                         Legal Services of Greater Miami, Inc.
                                                                         4343 West Flagler Street, Suite 100
                                                                         Miami, FL 33134
                                                                         (305) 438-3809

                                                                         **Attorneys for Plaintiffs**